UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMAINE NATHANIEL GLYNN, Plaintiff, -against- SUNDAR PICHAI; ANAT ASKENALI, Defendants. | 26-CV-3069 (LTS) ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims against Google's Chief Executive Officer and Chief Financial Officer. Plaintiff contends that he has been subjected to electronic surveillance, in violation of the civil and criminal provisions of the Foreign Intelligence Surveillance Act ("FISA"). By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff invokes the civil and criminal provisions of the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1809-10. He alleges that from July 31, 2020, to July 31, 2024, he was "subjected unknowingly to an electronic surveillance . . . ." (ECF 1 at 5.) The surveillance allegedly took place in California, New Jersey, New York, and "the USA." (*Id.*) Plaintiff further alleges that "information obtained by electronic surveillance of Jermaine Nathaniel Glynn had been disclosed and used in violation of 50 U.S.C. § 1809, "prohibited use." (*Id.*) He brings this suit against Google's CEO Sundar Pichai and CFO Anat Ashkenali. Plaintiff seeks damages from these individuals of $1000 per day during the period of alleged surveillance.[2]

## DISCUSSION

### A. Frivolous Claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see*

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] As a result of Plaintiff's history of filing frivolous actions IFP in this court, the Court barred Plaintiff from filing civil actions in this court without first obtaining from the court leave to file. *See Glynn v. Every Male Uniformed New York City Police Dep't Officer*, No. 26-CV-3231 (LTS) (S.D.N.Y. May 6, 2026). This action was filed before the bar order took effect.

*also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. The Court is unable to identify in the complaint any factual allegations plausibly suggesting that he was subjected to surveillance in violation of the FSIA, or any allegations suggesting involvement on the part of the individual defendants. *See*, *e.g.*, *Roum v. Fenty*, 697 F. Supp. 2d 39, 43 (D.D.C. 2010) (dismissing as implausible plaintiff's allegations that he was "surveilled and spied on him and [had] his phones [tapped] for more than ten years, in violation of various FISA provisions"); *see also Ladeairous v. Rosen*, No. 15-CV-00954 (ABJ), 2021 WL 722869, at *6 (D.D.C. Feb. 24, 2021) (dismissing "conspiratorial claims based on alleged unlawful FISA surveillance"). Plaintiff's allegations that he was subjected to surveillance and information about him was disclosed in violation of the FSIA are devoid of facts and strain credulity. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the

identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to enter judgment dismissing this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 10, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge